UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LAWRENCE D. ORVIETO,

                      Plaintiff,        **REPORT AND RECOMMENDATION**
                                               **08-CV-0001 (DLI)(LB)**

    -against-

UNITED STATES and VA EXTENDED CARE
ST. ALBANS,

                      Defendant.

-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

On January 2, 2008, plaintiff Lawrence Orvieto filed this *pro se* action seeking to sue on behalf of his deceased father's estate pursuant to the Federal Tort Claims Act 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq*. Plaintiff alleges that defendants inadequately cared for his father, Theodore Orvieto, and that defendants' lack of care caused his father "severe injuries." The Court informed plaintiff that he could not pursue this action *pro se* on behalf of his father's estate and gave plaintiff the opportunity to retain counsel. As of this date, plaintiff has not retained counsel. Since "a person ordinarily may not appear pro se in the cause of another person or entity," Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997), it is respectfully recommended that this action should be dismissed.

## BACKGROUND

By Order dated March 11, 2008, the Court informed plaintiff that he cannot bring a *pro se* action on behalf of his deceased father's estate. Docket entry 6. The Court stayed the action and instructed plaintiff that if he "does not retain counsel by May 12, 2008 to represent his

father's estate, the Court shall dismiss this action." Id. By letter dated March 12, 2008, plaintiff informed the Court that he is the sole beneficiary of his father's estate. Docket entry 7. Specifically, he states that his mother is deceased and that his brother, also named Theodore, was disinherited and signed a settlement agreement. Id. The Court responded to plaintiff's letter by Order dated March 20, 2008, which stated that "although plaintiff's letter appears to argue that only his interests are at stake, he may not proceed without counsel in this action. If Lawrence Orvieto does not retain counsel by May 12, 2008 to represent his father's estate, this action will be dismissed." Docket entry 8. By letter dated April 7, 2008, plaintiff filed a motion for reconsideration of the Court's March 20, 2008 Order. Docket entry 9. The Court denied plaintiff's motion for reconsideration and directed plaintiff to contact the City Bar Legal referral service to try to find an attorney. Docket entry 10. By letter dated May 5, 2008, plaintiff requested an extension to find counsel. Docket entry 14. The Court granted plaintiff's request by Order dated May 15, 2008, and directed plaintiff to "retain counsel to represent his father's estate by July 14, 2008 or the Court shall dismiss the case." Docket entry 15.

## DISCUSSION

Under 28 U.S.C. § 1654, the right to proceed *pro se* in civil actions is guaranteed. 28 U.S.C. § 1654 states that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654; see also Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990) ("[a] litigant in federal court has a right to act as his or her own counsel.")

However, the right to appear *pro se* is qualified. "[A] person ordinarily may not appear pro se in the cause of another person or entity." Pridgen v. Andresen, 113 F.3d at 393 (stating that an "administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant"). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." Iannoccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).

In this case, plaintiff seeks to bring this action *pro se* on behalf of his deceased father's estate. However, "when an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigants's own, because 'the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome' of the proceeding." Pridgen v. Andresen, 113 F.3d at 393 (citing Reshard v. Britt, 839 F.2d 1499 (11th Cir. 1988) (Roney dissenting)). The Second Circuit in Pridgen declined to decide whether an administratrix or executrix who is the sole beneficiary of an estate without creditors may appear *pro se* on its behalf. However, even taking plaintiff's statement that he is the sole beneficiary of his father's estate as true, this does not establish that there are no creditors of the estate. The Court has repeatedly ordered plaintiff to retain counsel and it has granted several extensions of time for plaintiff to do so. As plaintiff has not retained counsel or requested a further extension of time to do so, it is respectfully recommended that this action should be dismissed.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall

be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 28, 2008
       Brooklyn, New York